```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JONATHAN MERCEDES,

        Plaintiff,
                                          MEMORANDUM & ORDER
        -against-
                                          19-CV-04094(KAM)(LB)
THE CITY OF NEW YORK,

        Defendant.
----------------------------------X
```
**MATSUMOTO, United States District Judge:**

On July 8, 2019, plaintiff Jonathan Mercedes, detained at the time at Rikers Island, filed the instant *pro se* action pursuant to 42 U.S.C. § 1983. By Order entered September 18, 2019, the court *sua sponte* dismissed the action, but gave plaintiff 30 days within which to file an amended complaint. (ECF No. 5, September 18th M&O.) The court sent the Order to plaintiff's new address at Lakeview Shock Incarceration Correctional Facility on October 30, 2019. Plaintiff's amended complaint was filed on November 26, 2019. (ECF No. 7.) The amended complaint fails to cure the deficiencies of the original complaint, and is therefore dismissed with prejudice.

## DISCUSSION

The court refers to the September 18 M&O for additional details regarding the original complaint's allegations and deficiencies. In a nutshell, the original

1

complaint alleged that plaintiff was subjected to a strip search on June 13, 2019 in violation of his Fourth Amendment rights. (ECF No. 1, Compl. 13.)  Plaintiff claimed that multiple detainees were searched at the same time and that a female officer may have been watching from a control room.  (*Id.*)  The September 18th M&O dismissed the original complaint because, *inter alia*, plaintiff failed to allege facts showing that the strip search at issue was unreasonable, and thus, unconstitutional.  (September 18th M&O 7.)

As the court explained in the September 18 M&O, strip searches of pre-trial detainees and inmates are "constitutionally valid if they are reasonably related to a legitimate penological interest."  *Perez v. Ponte*, 236 F. Supp. 3d 590, 622 (E.D.N.Y. 2017) (internal quotation marks and citations omitted), *adopted by*, No. 16-CV-645, 2017 WL 1050109 (E.D.N.Y. Mar. 15, 2017).  "A strip search is unconstitutional under the Fourth Amendment if it is unrelated to any legitimate penological goal or if it is designed to intimidate, harass, or punish."  *Holland v. City of New York*, 197 F. Supp. 3d 529, 542-43 (S.D.N.Y. 2016) (citations and internal quotation marks omitted).  "The presence of other inmates and officers, males and females, does not alter [the] determination [that the searches were reasonably related to legitimate security interests]."  *Israel v. City of New York*, No. 11-CV-7726, 2012

2

WL4762082, at *3 (S.D.N.Y. Oct. 5, 2012). When reviewing strip searches involving officers of the opposite sex, "courts in this Circuit have distinguished between 'regular' and 'close' viewing and 'incidental' and 'brief viewing of a naked prisoner,'" with the latter being found constitutional. *Holland*, 197 F. Supp. 3d at 543.

Plaintiff's amended complaint provides additional details of the incident, and notes that his entire unit was searched. (*Id.* 1.) Plaintiff states that five inmates at a time were required to remove all of their clothing, in the presence of other inmates, while the search was conducted in the bathroom. (*Id.*) He further states that he was required to stand barefoot in urine and saliva. (*Id.* 2.) He alleges that male officers conducted the searches, and that female officers were watching from the "A post" and "the bubble." (*Id.*) He states that multiple officers were laughing. (*Id.*) Plaintiff alleges that the strip search was conducted without probable cause, but he does not describe any of the circumstances that led to the entire unit being subjected to a strip search.

Though the amended complaint does not overtly reference 42 U.S.C. § 1983, plaintiff's claim that his constitutional rights were violated by a state actor may be cognizable under that statute. As an initial matter, the only named defendant in the amended complaint is the City of New

3

York. A municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell V. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). "[T]o establish municipal liability under § 1983, a plaintiff must prove that 'action pursuant to official municipal policy' caused the alleged constitutional injury." *Cash v. Cty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). Here, plaintiff fails to allege a *Monell* claim, despite the court's admonishment to plaintiff in the September 18th M&O that his amended complaint must "allege facts that support a *Monell* claim against the City of New York, specifically that the City maintained a practice or policy related to the allegedly unconstitutional searches, and that such practice or policy caused plaintiff's alleged injury." (September 18th M&O 8.)

The amended complaint also identifies several correctional officers, by name and badge number, that performed the search at issue. Even if the amended complaint had named

4

these individuals as defendants, plaintiff fails to allege facts that indicate the strip search was conducted for an improper purpose, or that it was not related to a legitimate penological interest, or otherwise violated his constitutional rights. Plaintiff also acknowledges that everyone in the unit was searched, and that the searches were conducted by male officers, while female officers observed from farther away. Nor does plaintiff allege that the search was intended to solely to punish or humiliate the detainees. As the amended complaint does not cure the deficiencies in the original complaint, the plaintiff's action alleging an unreasonable search and seizure in violation of his Fourth Amendment rights is hereby dismissed.

The amended complaint also apparently seeks punitive damages for "cruel and unusual punishment," which the court construes as raising a claim under the Eighth Amendment of the United States Constitution. The Eighth Amendment protection against cruel and unusual punishment applies only after conviction. *See Whitley v. Albers*, 475 U.S. 312, 318 (1986). Thus, plaintiff's claims—which arose prior to his conviction while he was detained at Rikers Island—are feasibly cognizable only under the Fourth Amendment.[1]

---

[1] According to the Department of Corrections and Community Supervision website (DOCCS), defendant was not received into the custody of the New State Department of Correctional Services until August 16, 2019, over one month after the allegedly unconstitutional search and seizure.

5

**CONCLUSION**

Based on the foregoing, plaintiff's amended complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because further amendment would be futile.  *See Becnel v. Deutsche Bank, AG*, 507 Fed. Appx. 71, 73 (2d Cir. 2013) (Summary Order) (upholding dismissal with prejudice on basis that amendment would be futile because claims would be time-barred even if such amendment were allowed).  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to enter judgment dismissing this action, serve plaintiff with a copy of this Memorandum and Order, the judgment, and an appeals packet, at the address of record, and to close this case.

**SO ORDERED.**

Dated:  May 6, 2020
        Brooklyn, New York

                                            /s/
                                    Kiyo A. Matsumoto
                                    United States District Judge